**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gregory Mackey, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2019-000553

———————

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

———————

Unpublished Opinion No. 2021-UP-203
Submitted May 1, 2021 – Filed June 9, 2021

———————

**AFFIRMED**

———————

Gregory Mackey, pro se.

General Counsel Matthew C. Buchanan, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————

**PER CURIAM:** Gregory Mackey, pro se, appeals the Administrative Law Court's (ALC's) order affirming the South Carolina Department of Probation, Parole and Pardon Services' (the Department's) denial of Mackey's parole application. Mackey argues the ALC erred in affirming the Department because the

Department failed to comply with statutory requirements mandating the full board's presence at parole hearings and because the Department applied the current version of section 24-21-645(A) of the South Carolina Code (Supp. 2020) rather than the version in effect when he committed his offense, resulting in an ex post facto violation. Because six out of the seven parole board members reviewed Mackey's parole application and three members voted to grant parole and three members voted to deny parole, we find substantial evidence supported the ALC's decision to affirm the Department's denial of Mackey's parole application. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *Hill v. S.C. Dep't of Health & Envtl. Control*, 389 S.C. 1, 9-10, 698 S.E.2d 612, 617 (2010) ("In determining whether the AL[C]'s decision was supported by substantial evidence, this [c]ourt need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); S.C. Code Ann. § 24-21-10(B) (Supp. 2020) ("The Board of Probation, Parole and Pardon Services is composed of seven members."); *Garris v. Governing Bd. of S.C. Reinsurance Facility*, 333 S.C. 432, 453, 511 S.E.2d 48, 59 (1998) ("In the absence of any statutory or other controlling provision, the common-law rule that a majority of a whole board is necessary to constitute a quorum applies . . . ."); S.C. Code Ann. § 24-21-645 (1984) ("The Board may issue an order authorizing the parole which shall be signed either by a majority of its members or by all three members meeting as a parole panel . . . ."); S.C. Code Ann. § 24-21-645(A) (Supp. 2020) ("The board may issue an order authorizing the parole which must be signed either by a majority of its members or by all three members meeting as a parole panel on the case ninety days prior to the effective date of the parole; however, at least two-thirds of the members of the board must authorize and sign orders authorizing parole for persons convicted of a violent crime as defined in Section 16-1-60.").[1]

---

[1] As to Mackey's assertion that the Department applied the current version of section 24-21-645(A) rather than the version in effect when he committed his offense, neither the record on appeal nor the underlying order indicates the parole board retroactively applied section 24-21-645(A). *See* S.C. Code Ann. § 24-21-645 (1984) (requiring a majority vote of parole board members to grant a parole application). Further, because Mackey did not receive a majority vote, he failed to meet the vote threshold under either version of the statute.

**AFFIRMED.**[2]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.